**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN MANN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. C2-05-352 |
| | : | |
| **MOTOR CARTAGE TRUCKING,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | Magistrate Judge King |
| **Defendant.** | : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction over the subject matter, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  Defendant, Motor Cartage, Inc. ("Motor Cartage"),[1] filed a Motion to Dismiss Plaintiff's Complaint on May 17, 2005.  In response, Plaintiff, representing himself, filed a one-page, handwritten letter on December 29, 2005.

For the reasons set forth below, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) is **GRANTED**.[2]

---

[1] In its Motion to Dismiss, Defendant notes that the Complaint incorrectly identifies the company as Motor Cartage Trucking.

[2] Since the Court grants Defendant's motion to dismiss for lack of jurisdiction in the subject matter, it will not address Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

## II.  BACKGROUND

According to his Complaint, Plaintiff resides in Columbus, Ohio.  *See* Compl. at 1.  On May 9, 2002, Motor Cartage, an Ohio Company with its primary place of business in Columbus, Ohio, hired Plaintiff as a truck driver.  Motor Cartage terminated Plaintiff's employment on February 18, 2004.  It appears that Plaintiff's Complaint arises from the termination of his employment.

On April 7, 2005, Plaintiff, litigating this case *pro se*, filed a Complaint against Motor Cartage, which stated the following:

> Job Harassment from Employer Nasty Disposition.
>
> Hate Crimes - Holding money due during hardship caused by employer.
>
> Deframation [sic] of Character.  Ruined name Character & Employment strategies/opportunities.
>
> Confidential Agreement disposed [sic].
>
> Cheating employee/myself on numerous checks//harassments.
>
> Forced into Bankruptcy & Poverty.
>
> Ruined Credit - Credit Cards - Holding money due me.
>
> Discrimination - Damage me/one/shelter another employee.
>
> Creating Distinctions - Setting me up for destructions then using company rules to Copasatate [sic] and destroy.
>
> Attack verbally - Constantly - with threats and Hate acts.
>
> Work overload - surgery required then came more company attacks.
>
> Put something in drink making me sick had to leave work.
>
> Took holiday pay at will even though I Followed Rule book on

>> Vacation status.
>
> <u>Fired while on Lunch</u> company received call from business woman accusing me running in and out of Office Building never happened falsely accused. My Company called on two way fired me while on lunch. Pilkington Glass Co. Alum Creek Columbus OH.
>
> Harassment & Acts of Hatred virtually came after being injured on job.

Pl.'s Compl. at pp. 5–6. Oddly, Plaintiff does not appear to request any form of relief in the Complaint.

After receipt of the Complaint, Defendant filed a Motion to Dismiss this case for lack of jurisdiction in the subject matter and for failure to state a claim upon which relief can be granted on May 17, 2005. Plaintiff was to file a response to Defendant's Motion by June 10, 2005, but no response was filed. On December 1, 2005, the Court issued an Order that Plaintiff respond to Defendant's Motion to Dismiss by December 31, 2005, or the case would be dismissed for failure to prosecute. On December 29, 2005, Plaintiff filed a response to Defendant's Motion to Dismiss in the form of a one-page letter, which stated the following:

> To whom it concerns:
> Please continue investigation in this case. There has been a great deal of suffering - via Physically & Mentally due to lack of Leadership and compliance.
> The Physical pain endured while working for this company has caused me much.
>     (1) Double Hernia/surgery/spurs of pain off-on
>     (2) Financial Lost - Bankruptucy [sic]
>     (3) <u>Lies</u>
>     (4) Slander to my name
>     (5) Invasion of Privacy
>     (6) Creating Distictions [sic]
>     (7) Hate Crimes against me
> This case needs to be heard. Please.
>                     Thank you,
>                     [signed] Nathan Mann

Pl.'s Ltr. to Ct.

The Court has reviewed the parties' filings regarding Defendant's Motion to Dismiss, and the matter is now ripe for decision.

### III.  STANDARD OF REVIEW

Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a court's "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1).  The plaintiff has the burden of proving jurisdiction when the defendant challenges subject matter jurisdiction under Rule 12(b)(1).  *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).  In the context of a Rule 12(b)(1) motion, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73  (1984).  A court will grant a Rule 12(b)(1) motion to dismiss if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim.  *See id.*

### IV.  ANALYSIS

A federal district court has jurisdiction over the subject matter of a case when a plaintiff shows that there is either diversity jurisdiction or federal question jurisdiction.  Diversity jurisdiction is present when a controversy exists between citizens of different states and an amount of at least $75,000 is at stake.  *See* 28 U.S.C. § 1332(a).  Federal question jurisdiction exists in a civil action arising under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.

In this case, the Court does not maintain diversity jurisdiction.  First, the diversity of citizenship requirement is not satisfied here since Plaintiff is a citizen of Ohio, *see* Compl. at 1,

4

and Defendant is a corporation organized under the laws of Ohio with a principal place of business in Columbus, Ohio.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  Second, Plaintiff does not meet the amount in controversy requirement of diversity jurisdiction since Plaintiff's Complaint does not request damages in the amount of $75,000 or more.  In fact, Plaintiff's Complaint does not request any amount of monetary damages at all.  Therefore, this Court does not have diversity jurisdiction over this case because Plaintiff has failed to meet the two statutory requirements.

As to the issue of whether this Court has federal question jurisdiction, the Court must liberally construe Plaintiff's *pro se* pleadings.  *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  *West v. Adecco Employment Agency*, 124 Fed.Appx. 991, 992 (6th Cir. 2005) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Supreme Court, however, has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *Id*. (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules."  *Id*. (quoting *Burnett v. Grattan*, 468 U.S. 42, 50 (1984)).

In deciding the issue of federal question jurisdiction here, the *West* decision is helpful.  In *West*, a plaintiff filed a *pro se* complaint against his former employer alleging intentional discrimination, age and race discrimination, retaliation, unfair employment practice, and job discrimination.  124 Fed.Appx. at 992.  A district court dismissed the plaintiff's complaint *sua sponte* for lack of subject matter jurisdiction because the plaintiff did not specify whether the

5

claims he alleged were state or federal claims. *Id*. The Sixth Circuit, in reversing the district court's decision, held that since the plaintiff had attached to his complaint a copy of his EEOC right-to-sue letter, which references a right to file a "lawsuit under Title VII or the ADA [the Americans with Disabilities Act]" in federal or state court, and the plaintiff "intended to sue under Title VII and/or the ADA," the complaint stated the grounds for subject matter jurisdiction sufficiently. *Id*. at 993.

Unlike the plaintiff's complaint in *West*, Plaintiff's Complaint in this case must be dismissed for lack of jurisdiction over the subject matter. Plaintiff never states any factual basis for the ambiguous claims he asserts against Defendant. In his Complaint, and in his letter to the Court dated December 29, 2005, Plaintiff merely asserts injuries he allegedly has suffered due to Defendant's actions. Even after the Court construes Plaintiff's *pro se* pleadings liberally, it finds Plaintiff's allegations fail to assert a cognizable federal or state claim. To the extent Plaintiff alleges that Defendant discriminated against him, Plaintiff does not identify the basis of the alleged discrimination. Further, it appears that Plaintiff has not obtained an EEOC right-to-sue letter, which is a precondition to filing a lawsuit for discrimination under Title VII or the ADA in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).

Since Plaintiff's Complaint fails to allege a cognizable federal claim and it appears that Plaintiff has not obtained an EEOC right-to-sue letter, the Court must dismiss Plaintiff's Complaint against Defendant for lack of jurisdiction over the subject matter.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.  This case is **DISMISSED**.

**IT IS SO ORDERED.**

  s/Algenon L. Marbley<br>
**ALGENON L. MARBLEY, JUDGE**<br>
**United States District Court**

**DATE: February 22, 2006**